**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES EDWARD MOORE, | No. 14-16867 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-02852-JD |
| v. | |
| A. BULATAO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Charles Edward Moore, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an

excessive force claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Moore's action because Moore failed to allege facts sufficient to show that defendants Bulatao and Smethers acted maliciously and sadistically.  *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the "core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

We reject Moore's contention that the district court dismissed his action for failure to exhaust administrative remedies.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

To the extent that Moore raised a due process challenge to OP 608, that claim was not addressed by the district court.  Accordingly, we vacate the judgment in part and remand for the district court to assess this claim in the first instance.

Moore's request for sanctions, set forth in his opening brief, is denied.

Moore's request for appointment of counsel, filed on December 14, 2015, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**